## Commonwealth v. Annessetti

Before Brownson, P. J., Hughes and Gibson, JJ.

*Wallace S. Gourley,* assistant district attorney, for Commonwealth.

*Harold V. Fergus,* for defendant.

GIBSON, J., April 10, 1937.—Defendant appealed from a conviction before a justice of the peace on a charge of having operated a motor vehicle on a public highway without having a learner's permit or operator's license for the year 1936. By an agreed statement of facts submitted to the court, it appears that defendant operated a motor vehicle on the public highway on March 2, 1936, and when stopped by a highway patrolman and asked to produce his operator's license issued to him for the year beginning March 1, 1936, he was unable to do so, not having received any such license; that defendant made application for his operator's license on February 25, 1936; the license was actually issued by the Department of

Revenue at Harrisburg on February 28, 1936, and was actually received by defendant through the mail on March 3, 1936.

Section 601 of The Vehicle Code of May 1, 1929, P. L. 905, was amended by the Act of June 22, 1931, P. L. 751. As amended, it provided:

"No person, except those expressly exempted under this act, shall operate any motor vehicle upon a highway in this Commonwealth, unless such person has been licensed as an operator or a learner by the department under the provisions of this act."

Under The Vehicle Code, supra, all licenses expire on the last day of February of each year (sec. 613). By section 612 of the same act, it is provided:

"(a) Every person licensed as an operator or learner shall write his usual signature, with pen and ink, in the space provided for that purpose on the operator's license or learner's permit card issued to him, immediately upon receipt of such card.

"(b) The licensee or permitee shall have such operator's license or learner's permit in his immediate possession at all times when operating a motor vehicle."

Defendant does not claim to be one of the persons expressly exempted under the provisions of this act. The act must be construed as a whole. In reading section 601, as amended, and ascertaining what is meant by the words, "unless such person has been licensed as an operator or a learner" we must also read section 612, requiring the license to be signed by the operator and in his immediate possession at all times when operating a motor vehicle. It is evident that an operator who has complied with the act can, on the demand of any official, display his license or permit exhibiting his authority or permission to operate a motor vehicle on the public highway.

To accept the view urged by defendant, that on the instant the official in the department at Harrisburg has issued and placed in the mail, addressed to him, the li-

cense, whether the operator knows this fact or not, he has been licensed as an operator or learner, and may proceed to operate a motor vehicle on a highway, is to open the door to violations of the act by all those who choose to take the risk of operating, simply because they have made application for the license. The act does not authorize the operation of a motor vehicle by a person who has applied for a license, but only by those who have been licensed, which requires more than the issuance of a license by the department, viz., the license so issued must be signed by the operator and in his immediate possession at all times while operating a motor vehicle. This same view has been reached in Commonwealth *v.* McCreadie, no. 271 of 1933, in the County Court of Allegheny County.

And now, April 10, 1937, the appeal is dismissed, and it is ordered that defendant pay a fine of $10 and the costs of this proceeding, and in default be committed to the county jail for a period of five days.